## In Re Anonymous No. 2 D.B. 82

Disciplinary Board Docket no. 2 D.B. 82

REPORT OF HEARING COMMITTEE [   ]
Summary of Nature of the Case

July 8, 1982,—This report will cover two charges filed against respondent to no. 2 D.B. 82.

The charges filed to no. 2 D.B. 82 arise from a personal loan made by respondent and his wife to Justice [A] from a savings passbook account held as tenants by the entireties in response to a personal request from Justice [A]. Respondent is charged with professional misconduct involving the lending of money to a Judge and failing to report the request for such loan and acceptance thereof to a tribunal or other authority empowered to investigate such alleged violation of Disciplinary Rules by Justice [A].

Petition for discipline was filed January 20, 1982 and service accepted by respondent January 30. 1982. Answer to the petition for discipline was filed Febuary 12, 1982. Petition for discipline was then

assigned to hearing committee [ ]. Hearing was fixed for March 31, 1982 at 1:00 p.m. and rescheduled for April 16, 1982 at 1:00 p.m. for the convenience of the parties and the hearing committee. The resignation of [ ], both chairman and a member of the hearing committee by letter dated March 1, 1982 was accepted by the Disciplinary Board and hearing having been scheduled and rescheduled prior to the appointment of [ ] to hearing committee [ ], [ ], and [ ], sat as the hearing committee with respect to the petition for discipline filed to no. 2 D.B. 82 against respondent.

## STATE OF CHARGES AND DISCIPLINARY RULES ALLEGED TO HAVE BEEN VIOLATED

The petition for discipline filed January 20. 1982, alleges violations of the following Disciplinary Rules of the Code of Professional Responsibility:

(a). 1-103 - dealing with a lawyer who possesses unprivileged knowledge of professional misconduct by another lawyer or judge.

(b). 7-110 (A) - dealing with a lawyer giving or lending anything of value to a judge.

## RULINGS ON ADMISSION OF EVIDENCE

Petitioner offered in evidence Paragraphs one, two, three, four, five, five (a), seven, seven (a), seven (b), eight, nine, and ten of the petition for discipline. Respondent having no objections such paragraphs were admitted in evidence.

Respondent offered in evidence respondent's exhibits A, B, and C, and there being no objection by petitioner, respondent's exhibits were admitted.

## FINDINGS OF FACT

1. Petitioner is the Office of Disciplinary Coun-

sel and is invested with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania.

2. Respondent [ ], being 56 years of age was admitted to practice law in the Commonwealth of Pennsylvania in 1953, and his office is located at [ ].

3. In 1978, the Honorable [A] was a lawyer and a Justice sitting on the Supreme Court of Pennsylvania.

4. From the time of his admission to practice law in the Commonwealth of Pennsylvania in 1953 to the present, respondent has been engaged in the practice of law in the Commonwealth.

5. The Office of Disciplinary Counsel is not pursuing the alleged violation of Disciplinary Rule 1-103 as alleged in Paragraph 11 of the petition for discipline.

6. Respondent's firm is engaged in the general practice of law, involving domestic relations, corporate representation, negligence work, compensation work, real estate, estate planning, probate work and some tax work.

7. Respondent has not argued a case before the Supreme Court of Pennsylvania in the past ten years and never argued a case before Justice [A] and at the time of the loan had nothing in which his firm was involved which would lend itself to appellate consideration by the Pennsylvania Supreme Court.

8. Respondent first became well acquainted with Justice [A] when Justice [A] opened a practice of law in the city of [ ] across the river from [ ] where respondent has maintained his practice and such acquaintanceship became a friendship both professionally and socially which became exclu-

sively social after the elevation of Justice [A] to the Appellate Bench.

9. In early November, 1978, Justice [A] made a telephone request to respondent for a personal loan of $12,000 which he proposed to repay in a short period of time.

10. On or about November 8, 1978, respondent and his wife made a loan of $12,000 to Justice [A], withdrawing the funds from a passbook savings account owned by respondent and his wife as tenants by the entireties.

11. Respondent made no effort to hide or conceal the fact of his loan to Justice [A].

12. Subsequently Justice [A] sent to respondent a judgment note in the sum of $12,000 with interest at ten percent.

13. The loan made by respondent and his wife to Justice [A] was made in a purely personal and friendship context from funds totally separate from monies used in Respondent's professional practice and without thought of any violation of any Disciplinary Rule or Canon of Ethics.

14. At the time of the loan by respondent to Justice [A], respondent was in fact aware of the Disciplinary Rules but not aware of the prohibition of D.R. 7-110 (A).

15. After the death of Justice [A] respondent notified the executor or administrator of Justice [A's] Estate of the existance of such note and made a demand upon the Estate for payment.

16. At the time of the loan by respondent and his wife to Justice [A] there was no intention or motivation to curry favor with Justice [A] is his official position and no thought that an appearance of having sought to do so might arise.

17. The Estate of Justice [A] is, in fact, insolvent and the loan by respondent has never been repaid.

18. Respondent is now serving as Chairman of the Rules Committee of the [ ] County Bar Association having in the past served as a member of the Disciplinary Committee of such Association as well as a member of the Executive Committee and President of the [ ] County Bar Association.

19. Respondent has served on the Board of the Chamber of Commerce of [ ] and is currently on the Board of Directors of the [ ] Progress Council, a member of the Board of Directors of the United Way, Chairman of the N.A.A.C.P. Scholarship Committee, member of the Board of Trustees of [ ] and [ ] College and a member of the Executive Board of the [ ] of the Boy Scouts of America.

20. Respondent's Exhibit A is a letter from [B], Esq., President of the [ ] County Bar Association setting forth respondent's fine and unimpeachable reputation as a person and an attorney in [ ] County and setting forth that the writer would be willing to appear and testify in this respect.

21. Respondent's Exhibit B is a letter from [C], Executive Director of the [ ] Y.M.C.A. setting forth his personal knowledge of respondent's services to the public in various organizations over a period of 15 years and seven years experience serving on the [ ] Area School District of which respondent is the solicitor and setting forth the writer's willingness to testify on respondent's behalf.

22. Respondent's Exhibit C is a letter from the Reverend [D], Pastor of [ ] Evangelical Lutheran Church [ ], Pa. setting forth his knowledge of respondent's character and public service over a period of 25 years and his belief in respondent's honesty and integrity in personal and business relations and setting forth his willingness to testify on respondent's behalf.

23. Respondent's honesty, integrity and fitness

to practice his profession had not been challenged in any manner in this proceeding beyond the charges made in the petition for discipline.

## DISCUSSION

The petition for discipline was filed charging the respondent with having made a loan to Justice [A] in violation of D.R. 7-110(A) which forbids a lawyer to give or lend anything of value to a judge and charging the violation of D.R. 1-103 requiring any lawyer having unprivileged knowledge of a violation of Disciplinary Rules to report the same to a tribunal or authority empowered to investigate and act upon any proven misconduct. The Office of Disciplinary Counsel having stated on the record (Page 7) that such office is not pursuing the alleged violation of D.R. 1-103 and no evidence having been offered thereon the hearing committee can do nothing but recommend no disciplinary action on this charge as hereinafter set forth.

Respondent freely admits that he and his wife did in fact make the personal loan of $12,000 to Justice [A] from a savings passbook account owned by respondent and his wife as tenants by the entireties, clearly indicating that such loan was expected to be repaid within a short period time as respondent expected to need such funds to assist in paying for the construction of a building in which he was involved. Respondent and his wife both testified to a social friendship with Justice [A] and that such loan was made on the basis of such relationship, and with the intention of helping a friend, and without any intent or thought to procure any advantage for respondent. Respondent further freely admitted that he was aware of the Disciplinary Rules but clearly states that the thought of any

prohibition by the Disciplinary Rules to any loan made by respondent or his wife from private funds owned by them jointly had not entered his mind. The hearing committee finds such testimony totally creditable and accepts the same at its face value.

Your hearing committee reiterates its belief as stated in a companion petition for discipline heard by hearing committee [ ] the same day as the subject petition for discipline that D.R. 7-110 (A) was not intended to prohibit gifts or loans between friends merely because some of the parties happen to be members of the legal profession and no such exception or exclusion being found in the rule your committee will not weaken the rule by attempting to engraft thereon an exception or exclusion by interpretation. Nevertheless, hearing committee [ ] while believing that no wrongful intent was involved or charged in this proceeding is faced with a technical violation of D.R. 7-110 (A) designed to protect the integrity of our judicial system.

Hearing committee is impressed with the straightforward presentation of the facts by respondent and has considered respondent's long period of practice of his profession and service to his community and the clearly evident contributions respondent has made and continues to make to the [ ] County Bar Association. It is the unanimous opinion of hearing committee [ ] that respondent is dedicated to his profession and its integrity and would intentionally do nothing to detract therefrom.

## CONCLUSIONS OF LAW

1. Respondent has unintentionally and with no wrongful motive committed a technical violation of D.R. 7-110 (A).

2. That no evidence having been offered as to any violation of D.R. 1-103 no disciplinary action can or should be recommended by this committee.

## RECOMMENDED DISPOSITION
## OF THE PETITION

It is the belief of hearing committee [　] that the appropriate Disciplinary action based upon the entire record, is a finding that the charge of a violation of D.R. 1-103 has not been sustained and that as to the technical violation of D.R. 7-110 (A), the appropriate action is an informal admonition delivered from the standpoint of a sympathetic but concerned colleague cautioning against any activity which might give any appearance of impropriety and particularly by one who has through his years of practice become a recognized leader of the [　] County Bar Association.

## ORDER

JOHNSON, *Chairman*, August 25, 1982, the report and recommendation of hearing committee [　] dated July 16, 1982 is accepted; and it is ordered and decreed, that the said [Respondent] of [　] County, be subjected to an informal admonition by Disciplinary Counsel as provided in Rule 204(6) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by respondent.